# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned May 31, 2012

## TED A. PUCKETT v. RAY LYONS

**Appeal from the Circuit Court for Bedford County**
**No. 2CC12012B0106      Franklin L. Russell, Judge**

---

**No. M2012-00696-COA-R3-CV - Filed May 31, 2012**

---

This is an appeal from an order entered by the Circuit Court for Bedford County denying the appellant leave to proceed in that court on a pauper's oath. Because the order appealed does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

Patricia J. Cottrell, P. J., M. S., Frank G. Clement, Jr. and Richard H. Dinkins, JJ.

Ted. A. Puckett, Normandy, Tennessee, Pro Se.

John T. Bobo, Shelbyville, Tennessee, for the Appellee, Bedford County Circuit Court.

## MEMORANDUM OPINION[1]

Ted A. Puckett initiated this case by filing a warrant to recover personal property in the General Sessions Court for Bedford County. The General Sessions Court dismissed the warrant, and Mr. Puckett filed an appeal to the Circuit Court for Bedford County. Mr. Pucket had proceeded in the General Sessions Court as a pauper and attempted to pursue his appeal to the Circuit Court as a pauper as well. Accordingly, he filed a Uniform Affidavit of Indigency with the Circuit Court Clerk. On February 23, 2012, the Circuit Court determined that Mr. Puckett "is not an indigent person because he has the assets and/or income to pay

---

[1]Tenn. R. Ct. App. 10 states:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

costs and expenses." On March 23, 2012, Mr. Puckett filed a notice of appeal to this court from the trial court's February 23, 2012 order.[2]

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain,* No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The record on appeal was filed on May 11, 2012. Upon review of the record, this court determined that the trial court had not dismissed the case or otherwise entered a final judgment resolving all the claims between the parties. Accordingly, the court ordered Mr. Puckett to show cause why the appeal should not be dismissed for lack of a final judgment. In his response, Mr. Puckett does not dispute that the trial court's order is not final. Rather, Mr. Puckett asserts that the trial court clerk has frustrated his efforts to seek an interlocutory appeal of the February 23, 2012 order and that he is in fact indigent.

Mr. Puckett's response does not show good cause why the appeal should not be dismissed. To the contrary, Mr. Puckett's attempt to pursue an interlocutory appeal of the February 23, 2012 order supports this court's conclusion that the February 23, 2012 order is not a final judgment appealable as of right. Mr. Puckett's allegations against the trial court clerk, even if true, are not relevant to whether the February 23, 2012 order is final. Mr. Puckett's arguments regarding his indigency are likewise not relevant. This court cannot address the merits of Mr. Puckett's indigency claim unless there is an appeal properly before the court. Because the trial court has not yet entered a final judgment, Mr. Puckett is not entitled to an appeal as of right at this time.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to Ted A. Puckett for which execution may issue.

PER CURIAM

---

[2]The record filed in this court contains only the February 23, 2012 order, the notice of appeal, and Mr. Puckett's uniform affidavit of indigency. The court has gleaned the history of the case from this sparse record as well as the appellant's response to the court's May 11, 2012 show cause order.